The Cleveland Trust Co., Trustee, et al., Appellants, *v.* Hart et al., Appellants.*

(No. 4514—Decided May 25, 1955.)

---

*Motion to certify the record overruled, November 2, 1955.

*Messrs. Slabaugh, Guinther & Pflueger,* for appellants.
*Mr. Ernest R. Genovese* and *Mr. Bernard J. Roetzel,* for appellees.

Doyle, J.  This is an action for unpaid rent under a written lease of real property.

The Cleveland Trust Company, as trustee of the estate of J. P. Loomis, deceased; Rebecca F. Huber; and Jessie S. Eaton, each of whom owned an undivided one-fourth interest in the leased real property, brought the action as lessors.  The defendants were Jessie M. Hart, a lessor and a lessee, and an owner of an undivided one-eighth interest in the property; Robert W. Postma, a lessor and owner of an undivided one-eighth interest; and Dorothy Heck, a lessee.  Robert Postma and Jessie M. Hart, two of the five lessors, refused to join as plaintiffs.  In other words, the action was based upon a written lease executed by all of the tenants in common, as lessors, to one of their number (Hart), and a third person (Heck), as lessees.

The following family relation is shown to exist:  Postma is the son of Hart, and Heck is a stepsister of Postma.

The case came on for trial upon issues joined in the Court of Common Pleas of Summit County.  At the close of the plaintiffs' case, the defendants moved for a dismissal of the petition on the ground that there is no provision in law which would enable the plaintiffs to maintain the action "in the form which they seek to maintain it."  The trial court sustained the motion and entered final judgment for the defendants.  Appeal to this court by the defeated plaintiffs was thereupon perfected.

One of the questions in this case is whether a cotenant in common, and another, who go into possession of real property, under a lease from all of the tenants in common, are exempt from the general rules of law governing the relation of landlord and tenant by reason of the circumstance that one of the lessees was also a lessor and a tenant in common with the remaining lessors.

If we consider the relations of the co-owners to each other, and to the property before the lease was executed, we find that each or all were entitled to possession, and neither could law-

fully exclude the other. This situation, however, was completely changed by the lease. After its execution, although the plaintiffs and Postma owned an undivided seven-eighths interest in the fee, they could not enter upon it or enjoy it (except by consent) without becoming trespassers. Their rights were entirely governed by the lease. They could demand rent because their contract called for it. During the existence of the lease their rights as tenants in common were suspended, and the unity and right of possession had become severed, and, for the time being, abrogated, by their signing of the contract.

This was equally true of the tenant in common-owner Hart, and her associate, Heck. Although Hart owned but an undivided one-eighth interest in the property, yet, she and her fellow-lessee, Heck, were entitled to the exclusive possession as against her co-owners. Her rights and powers over the property as a tenant in common also were suspended during the existence of the lease, and she and her fellow lessee were in possession as tenants, and entitled to all of the rights of a tenant as well as subject to all of the obligations of that relation. The lessees' relations to the lessors were, by contract, to continue until the lease was terminated, and they have no right in law to violate their covenants without incurring the legal consequences which the law attaches to those acts. One of the covenants was the payment of monthly rent for the exclusive use and occupation of the premises.

The defendants, by way of answer, admitted that they occupied the premises under the lease. They specifically denied, however, that they had used or occupied the premises during the months for which the rent was demanded, although the lease had yet several more years to run. In other words, the defendants said: We have given up possession under the lease, and, by virtue of the relation of lessee Hart as a tenant in common, we absolve ourselves of all legal consequences of our contract violations, including our covenant to pay rent for the entire term. Does the law permit such a device to nullify a solemn contract? We think not. "If there is a contract of renting, between tenants in common that relation exists, and an action on that contract will lie, notwithstanding they are tenants in common." *Cahoon* v. *Kinen,* 42 Ohio St., 190, at p. 198.

We now direct attention to the claim of the appellees (defendants below) that "Fewer than all of the owners of an indivisible chose in action cannot maintain a suit against one of their members, on the theory that they are united in interest."

It is asserted that "A reading of exhibit 1 (the lease) reveals that the covenant of the parties of the first part with the parties of the second part is joint in its terms and in its substance. The agreement is entire, the performance is joint, and, therefore, the contract is indivisible. It does not comprehend or involve a contract with each lessor separately."

It is thus argued that all of the cotenants and lessors, including the lessor Hart (who is also a lessee), must bring the action; and that, unless Hart and Postma are united in interest with their associate lessors, the action cannot be maintained, because of their refusal to join them in the suit.

Section 2307.20, Revised Code, reads:

"Parties who are united in interest must be joined as plaintiffs or defendants. If the consent of one who should be joined as plaintiff cannot be obtained, * * * and that fact is stated in the petition, he may be made a defendant."

In the case before us, the petition stated that the plaintiffs were united in interest with Hart and Postma, "whose consent to join with the plaintiffs herein cannot be obtained." To the contrary, the defendants maintained that Hart certainly could not be united in interest with those who sought a judgment against her.

When Hart, in her legal position as tenant in common, undertook to join with her cotenants in signing a lease of the property, she assumed a new legal status—the status of landlord. As such, she became united in interest with her co-tenants in the enjoyment of the fruits of her contract. The fact that she, in another distinct legal status—that of lessee—was called upon to fulfill her contract with the lessors, of whom she was one, does not destroy the unity of her interest with her fellow-lessors. As a lessor in the lease under consideration, she was united in interest with her fellow-lessors in the fulfillment of the contract, regardless of the identity of the lessees. We are concerned here entirely with the law of contracts in its ever-varying application to the relationship of landlord and tenant. It

was therefore proper to make her a party defendant upon her refusal to join in the petition, by virtue of the provisions of Section 2307.20, Revised Code, *supra*.

It is further claimed that "Less than all of the parties who are lessors in common cannot select and determine, against the will of some, a particular remedy to pursue in the event of breach by lessee, where the lease is joint and indivisible, provides alternative remedies, and contains no provision for selection and determination of remedies in the event of disagreement among the lessors in common."

In consideration of this claim, we must apply the rule that the remedy must follow the contract. As the contract is joint, so must be the remedy. The agreement was to pay, not to each lessor his individual share, but to pay a gross sum to the lessors as a group unit. If there had been no express agreement, and the action had been for the use and occupation by a cotenant, each of the other tenants in common could have maintained an action. Here, however, the remedy must be under the lease contract, and all who are parties to the agreement must join in the action.

Littleton gives the rule of the common law thus:

"Also, if two tenants in common make a lease of their tenements to another for terme of yeares, rendring to them a certaine rent yearely during the terme, if the rent be behind, &c. the tenants in common shall have an (A) action of debt against the lessee, and not divers actions, for that the action is in the personalty." 2 Coke upon Littleton, Section 316.

It is held generally that, under a lease given jointly by tenants in common, any of the lessors may receive the entire rent reserved in the indenture. It is likewise held that one joint lessor has a right to institute an action in the names of all of the lessors under a joint conveyance. And we pronounce the rule for this case to be that, under a joint lease given by tenants in common who own the entire fee, these plaintiffs, who are shown to own a three-fourths interest in common, may institute this action to enforce the obligations of the contract for and on behalf of all of the lessors; and if some decline to join as plaintiffs, they should be joined as defendants under the statute.

The claim that two of the five tenants in common, owning together a one-fourth interest, have a right to "alternative remedies" which they are denied if this action is permitted, we believe untenable.

On the one hand, we find three of the lessors enforcing the terms of a contract. On the other hand, we find two of the lessors seeking rights which can only come about in the event of a breach and re-entry. The law does not give aid and succor to those who cause, or join with others who cause, a breach of contract. Their legal rights are not jeopardized in the enforcement of the terms of a valid contract to which they are parties.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and HUNSICKER, J., concur.