PETERS, APPELLEE, *v.* DURROH, APPELLANT.

(No. 71-29—Decided September 14, 1971.)

*Mr. Charles W. Winters,* for appellee.
*Mrs. Donna Christy Baker,* for appellant.

STRAUSBAUGH, J. This is an appeal from a judgment in the Franklin County Municipal Court in favor of the plaintiff and against defendants. The judgment is reversed.

Plaintiff filed his amended petition against defendants Joe Durroh and Bernice Steele, alleging in his first cause of action that defendants unlawfully and forcibly detained the premises at 1026 East Fifteenth Avenue, Columbus, Ohio; that defendants entered upon said premises as tenants, that the lease expired on November 23, 1968, and that defendants held over said term. For his second cause of action plaintiff alleges that defendants were indebted to plaintiff in the sum of $158.40 for the reasonable use and occupancy of the premises from November 23, 1968, to February 3, 1969, and that as a direct result of the occupancy of defendants certain damage was done to the premises which plaintiff, upon repossession of same, had to repair and correct, namely, replacement of kitchen floor. He prays for judgment in the sum of $378.40, plus costs. Each defendant filed a separate answer consisting of a general denial.

The case was called for trial on May 28, 1969, at which time plaintiff presented his evidence and rested, whereupon defendants moved to dismiss. The court overruled defendants' motion.

Following the noon recess, counsel for plaintiff indicated to the court that "counsel have arrived at a settlement" and that "pending the payment, the case will be held for settlement. And this should be done within sixty days." The court then held the case for settlement.

The record indicates that the case was placed on the drop list by the court, and on September 4, 1969, the case was dismissed without prejudice as to second cause of action. On October 1, 1969, plaintiff filed a motion to reinstate which was sustained on April 10, 1970. On June 16, 1970, trial was recommenced. There is undisputed evidence that defendant Steele had deceased on June 7, 1969. Plaintiff testified on cross-examination that the title to the property in question stood from the time it was acquired by him in 1953 until the time of trial in the name of his wife, Ethel Marion, and plaintiff's name. The defendant moved to dismiss or to have plaintiff's wife joined as a party in the action. The court reserved ruling on the mo-

tion, the defendant presented his defense, and the court took the case under advisement.

On December 29, 1970, the court rendered a decision as follows:

"FACTS

"From the evidence herein, the court finds that:

"1. Defendant, Joe Durroh, was a tenant of plaintiff in the premises at 1026 East 15th Avenue from 1965 to January 3, 1969, on a month to month tenancy at the rate of $65 per month.

"2. The last three months of occupancy of defendant, Joe Durroh, and/or his sister, Bernice Steele, under his tenancy was not paid for by defendant, Joe Durroh, nor defendant, Bernice Steele.

"3. Defendant, Joe Durroh, caused or allowed water to flood the kitchen floor at said premises.

"4. Said flooding caused damage occasioning replacement of the floor.

"5. Plaintiff has owned the property for fifteen years, does not remember whether the kitchen floor was tiled when he bought the property; ergo, floor was not new nor recently renovated, but was in 'good shape' when defendant Joe Durroh began his tenancy.

"6. Said kitchen floor was 50% depreciated.

"LAW

"Abandonment of the premises by the tenant does not discharge the obligation to pay rent. 33 O. J. (2d) 621-623, No. 366.

"Damages are recoverable only for compensation of actual loss sustained. 16 O. J. (2d) 144-145, No. 9.

"JUDGMENT

"From the foregoing conclusions of fact and law, it is the court's judgment that plaintiff recovers from defendant, Joe Durroh, the sum of $158 for rent and the sum of $110 in damages. for a total of $268. Defendant to pay costs."

Defendant's first assignment of error is: "The trial court erred in overruling defendant-appellant's motion to make plaintiff's wife a party to the action." We find that

248

prejudicial error was committed by the trial court in overruling defendant's motion to join plaintiff's spouse as a party plaintiff, either on the basis of the statutes in force or based upon the Rules of Civil Procedure, effective July 1. 1970.

R. C. 2307.20 provides that "parties who are united in interest must be joined as plaintiffs or defendants." The plaintiff and his wife, as tenants in common, certainly have a unity of interest here. We agree with the Court of Appeals for Summit County, which held in the third paragraph of the syllabus in *Cleveland Trust Co.* v. *Hart* (1955), 100 Ohio App. 66, that:

"Tenants in common owning the entire fee who execute a joint lease to one of their number are united in interest, and all must be joined as plaintiffs in a suit for rent under the contract; or, if the consent of one or more cannot be obtained, he or they must be made a defendant or defendants, and the reason therefor stated in the petition."

The error is prejudicial in this case because plaintiff's wife, if not joined as a party, may later assert her own individual claim against the defendant. The defendant should be bound by a complete decree which terminates the litigation and includes all those who have a unity of interest in the subject matter of the litigation. Plaintiff's spouse was a necessary party in the determination of the entire controversy. In 41 Ohio Jurisprudence 2d 475, Section 20, the writer speaks of parties who must be joined, and states that the Code provision "is mandatory as to such parties and applies to all stages of a litigation, unless waived by the party injured by such failure to unite." We find no actual waiver by the defendant in the record.

The next question is whether defendant waived his rights to move for a joinder by making his motion at such a late stage in the trial. In the first place, there is no indication that defendant had any prior knowledge that plaintiff's wife was a tenant in common. Secondly, under Rule 19(A) of the Rules of Civil Procedure, it is provided that "A person who is subject to service of process shall be joined as a party in the action if * * * (2) he claims an

interest relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." The rule further speaks of "* * * timely assertion of the defense of failure to join a party as provided in Rule 12(B) (7)" and possible waiver restrictions.

Civil Rule 12(B) (7) permits joinder under Rule 19 or 19.1 and, in addition, there is also relief from waiver under Rule 12 in paragraph (H) under the exception in paragraph (1) wherein the defense of failure to join an indispensable party is not waived. Rule 19.1 also provides "A person who is subject to service of process shall be joined as a party in the action, except as provided in subdivision (B) hereof, if he has an interest in or a claim arising out of the following situations: * * * (2) Personal injury or property damage to a husband or wife and a claim of the spouse for loss of services or expenses or property damage if caused by the same wrongful act * * *." Identical instructions to Rule 19 are made within Rule 19.1 in regard to timely assertion of the defense to join the party and also possible waiver to that assertion.

Under Civil Rule 21, it is provided: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *"

Civil Rule 86 provides that, although the effective date of the rules is July 1, 1970: "They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice * * *." The action in the instant case was "then pending" on July 1, 1970, and is still pending. No injustice would be worked; joinder of the spouse here would be compulsory under the new rules.

In order to prevent plaintiff's spouse from asserting

her own individual claim against the defendant, the cause is remanded to the trial court for the addition of the plaintiff's wife as a party and the consent of plaintiff's wife to the judgment or, in the alternative, the cause is remanded to the trial court for a new trial. We find no merit in defendant's contention that had plaintiff's wife been joined as a party the defendant could have subpoenaed her for cross-examination, inasmuch as the defendant could have subpoenaed plaintiff's wife for cross-examination as an adverse party. Therefore, defendant has not been prejudiced thereby.

We hold that the verdict and findings of the trial court are supported by the evidence, and for that reason overrule defendant's second assignment of error, that "the trial court erred in overruling defendant-appellant's motion to dismiss at the conclusion of plaintiff's evidence which motion was revived at the conclusion of defendant's evidence."

Defendant's third assignment of error, that "the trial court erred in its findings of fact 1 in that said finding is unsupported by evidence and therefore manifestly against the weight of the evidence," is overruled for the reason that there is evidence that defendant continued to have property on the premises in question and that he retained keys to the premises which would support the verdict of the court. We overrule defendant's fourth assignment of error, that "the trial court erred in its findings of fact 3 in that said finding is unsupported by evidence and is therefore manifestly against the weight of the evidence" in that the finding and the verdict of the court is supported by the evidence that the defendant as tenant was responsible to the landlord for damages negligently caused to the premises during his possession of the premises as tenant, in allowing water to flood the kitchen floor and cause damage thereto.

We finally overrule defendant's fifth assignment of error, that "the decision of the trial court to award damages to plaintiff and the judgment entered pursuant thereto were necessarily based upon unsupported evidence and

were therefore manifestly against the weight of the evidence," in that there was sufficient evidence to support the finding of the court.

The judgment is reversed and the cause is remanded in accordance with our findings herein.

*Judgment reversed.*

TROOP, P. J., and REILLY, J., concur.