OPINION
{¶ 1} Defendant-appellant Lenschen Witte appeals from the January 5, 2005, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Congress Lake Club (hereinafter "CLC") owns approximately 850 acres of land in Hartville, Ohio. Part of the land consists of lots surrounding a lake. The lots are leased to stockholding members of appellee CLC, who are permitted to build or own homes on the lots. The lease agreement between appellee CLC and the stockholding member is for a term of fifteen (15) years and is then renewable.
 {¶ 3} The property at issue in this case is located at 2 West Drive and is known as Lot No. 2. Verlynn Witte, appellant's then husband, entered into a 15 year lease agreement with appellee CLC for the subject property in December of 1981. The Wittes then built a house on the leased property.
 {¶ 4} Pursuant to a Judgment Entry filed on April 13, 1988, appellant was granted a divorce from Verlynn Witte. Under the terms of the divorce, appellant was granted the marital home. After Verlynn Witte failed to transfer the lease for the property to appellant as required as part of the divorce, appellant obtained a Judgment Order from the Stark County Court of Common Pleas, Domestic Relations Division, in February of 1992 "transferring any and all interest of the Defendant, Verlynn Witte, as Grantor, to the Plaintiff, Lenschen S. Witte, any and all right, title and interest which the Defendant, as Grantor, has in and to said Lease, land and the improvements thereon, . . .".
 {¶ 5} Appellant became a stockholding member of appellee CLC in 1995.
 {¶ 6} In approximately December of 2001, appellant moved out of the 2 West Drive residence after attempting, unsuccessfully, to sell the same. She, however, remained a stockholding member of appellee CLC.
 {¶ 7} On or about February 18, 2003, appellee CLC sent a certified letter to appellant advising her that her account was past due and that she owed $1,784.85. Appellee CLC, in such letter, informed appellant that her membership would be suspended if her account balance was not paid.
 {¶ 8} Thereafter, on or about February 27, 2003, appellant executed a general warranty deed purporting to transfer the subject real property to Lane Witte, her son, for the purchase price of $210,000.00. While, at the time of the transfer, Lane Witte was a member of appellee CLC, he was not a stockholding member of the club. Pursuant to a note dated March 3, 2003, appellant asked appellee CLC to accept her resignation from the club and indicated that she had sold her residence to another member and would be transferring her stock.
 {¶ 9} Appellant, in a subsequent letter to appellee CLC dated May 12, 2003, stated as follows:
 {¶ 10} "Enclosed is my check for taxes, rent and operating expenses on my property, plus the charge for the guards. I will not be paying any more dues, or other charges — as I said for March, as you directed Loretta to inform me, even though the property was transferred on Feb. 28th.
 {¶ 11} "As for the lease, Lane [appellant's son] called the club and was told he could go in the next day and sign it. He took time off from the office the next morning and went there, only to be informed he had to go to Mr. Zollinger's office. (This was before Loretta called me to explain that).
 {¶ 12} "Lane will make arrangements to take care of the lease, and stock transfer as soon as he has the time. Lenschen Witte"
 {¶ 13} However, as memoralized in a letter dated June 18, 2003, appellee CLC refused to accept appellant's resignation because the club rules prohibited a club member from resigning as long as the member was a leaseholder of club property. Since appellant had not transferred the subject property to a stockholding member of appellee CLC, she remained a leaseholder. Appellant was told by appellee CLC that she was "responsible for all rent, taxes, and other expenses due under the lease until the lease is either terminated or is properly assigned to a new lessee."
 {¶ 14} In June of 2003, Lane Witte, who is not a stockholding member of the club and who did not execute a new lease with appellee CLC, moved into the subject property. Pursuant to a letter dated July 30, 2003, appellee CLC sent appellant a second letter via certified mail informing her that her account was past due and that, if she did not bring her account current, she would be suspended from the club.
 {¶ 15} Subsequently, on October 15, 2003, appellee CLC served a three day notice on "Lenschen Witte and all other tenants in possession of the premises." Appellee CLC, on November 19, 2003, then filed a complaint in forcible entry and detainer against appellant, alleging that she was in breach of the terms and conditions of the lease. Appellee CLC specifically alleged that appellant had failed to vacate the premises and "continue[d] to unlawfully and forcibly detain the Plaintiff from the premises and improvements thereon . . ." and that appellant had materially breached the terms of the lease by failing to pay dues, assessments, real estate taxes and other operating expenses since April 16, 2003. Appellant filed an answer and counterclaim. Appellant, in her counterclaim, alleged abuse of process, intentional infliction of emotional distress and that appellee CLC had wrongfully rejected her resignation.
 {¶ 16} The matter then proceeded to a bench trial on June 23, 2004. Prior to opening statements, appellant's counsel orally moved for a dismissal of the complaint "grounds being that in her [appellant's] answer to the complaint at the second or third rather affirmative defense, we raised the issue in this case that the Plaintiffs have failed to name a necessary and indispensable parties for a full and just adjudication of all the issues in this case." Transcript at 8. Appellant specifically argued as follows:
 {¶ 17} "One of the claims for relief sought by Plaintiff in their first count is a forcible entry and detainer. The fact of the matter is, Your Honor, and per public record in February of 2003 the public records of Stark County indicate that Mrs. Witte sold her house to a buyer, which transaction transferred on the records of the County Recorder's Office.
 {¶ 18} "The interest in this house that sits on the lot that is owned by Congress Lake vests in a party that is not named in this litigation.
 {¶ 19} "Insofar as this action or the claims sought related to the forcible entry, related to interests in this house, it is my humble opinion that the title owner to that structure is indeed a necessary and indispensable party to this lawsuit.
 {¶ 20} "Their failure to have named that individual, therefore, precludes this court and these parties from fully and justifiably adjudicating all of those issues." Transcript at 8-9. The trial court stated, in relevant part, as follows in denying appellant's motion:
 {¶ 21} "THE COURT: I'm going to overrule the motion to dismiss at this time until the Court hears the evidence.
 {¶ 22} "The Court can't determine whether or not Lane Witte is a necessary party or not to this case. Simply because it is unclear to this court whether or not the Court will determine in the end whether the Defendant had the authority to even sell the real estate in the manner in which she did.
 {¶ 23} "So for that reason, the Court is not going to dismiss this case for failure to join a necessary party, at least not at this point." Transcript at 13.
 {¶ 24} As memorialized in a Judgment Entry filed on January 5, 2005, the trial court found in favor of appellee CLC and against appellant on the complaint and ordered that appellee CLC was entitled to possession of the real property and damages in the amount of $10,559.46. The trial court also found in favor of appellee CLC and against appellant on appellant's counterclaim. Furthermore, the trial court, in its entry, found that Lane Witte was not a necessary or indispensable party.
 {¶ 25} Appellant now raises the following assignments of error on appeal:
 {¶ 26} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN FAILING TO GRANT DEFENANT [SIC]-APPELLANT'S MOTION TO DISMISS FOR FAILURE TO NAME NECESSARY AND INDISPENSIBLE (SIC) PARTIES FOR A FULL AND JUST ADJUDICATION OF THE CASE.
 {¶ 27} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN CONCLUDING THAT DEFENDANT-APPELLANT FAILED TO COMPLY WITH THE PRE-CONDITIONS FOR TRANSFER OF HER HOME WHEN SUCH PRE-CONDITIONS EITHER DID NOT EXIST AND/OR WHEN SUCH PRE-CONDITIONS WERE `SELECTIVELY ENFORCED' BY PLAINTIFF-APPELLEE.
 {¶ 28} "III. THE TRIAL COURT ERRED, AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN AWARDING PLAINTIFFA-PPELLANT FORFEITURE OF THE PROPERTY WHEN SUCH RELIEF WAS (1) NEVER SPECIFICALLY REQUESTED IN THE PLEADINGS, (2) THE `BALANCE OF EQUITIES' OF THE CASE WOULD BAR SUCH A REMEDY, AND (3) PLAINTIFF HAD WAIVED WHATEVER `RIGHT' IT HAD TO FORFEITURE."
 I {¶ 29} Appellant, in her first assignment of error, argues that the trial court erred in failing to grant appellant's motion to dismiss for failure to name necessary and indispensable parties. We agree that Lane Witte was a necessary and indispensable party and reverse and remand this matter to the trial court with directions to join Lane Witte as a party.
 {¶ 30} Civ.R. 19 states, in relevant part, as follows: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee . . ."
 {¶ 31} "Civ.R. 19(A) encourages, and Ohio decisional law favors, a policy of liberally granting joinder." Hambleton v.R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 184,465 N.E.2d 1298.
 {¶ 32} In addressing motions pursuant to Civ.R. 19(A), a trial court is vested with discretion in determining whether a party is necessary for a just adjudication. See Hambleton,supra. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 33} "Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) (joinder if feasible) or that leave to amend the complaint be granted." State ex rel. Bush v. Spurlock
(1989), 42 Ohio St.3d 77, 81, 537 N.E.2d 641. "[D]ismissal due to a party's failure to join a necessary party is warranted only where the defect cannot be cured." Id.
 {¶ 34} In the case sub judice, appellant specifically sought joinder of Lane Witte, appellant's son, as a necessary and indispensable party. As is stated above, pursuant to a general warranty deed on February 27, 2003, appellant purportedly conveyed a fee simple interest in the subject property to Lane Witte. We concur with appellant that Lane Witte is a necessary and indispensable party since "it is improper for the court to determine the effect of the deed without making Mr. Witte a party to the matter." Lane Witte, by virtue of the general warranty deed from appellant, claimed an "interest relating to the subject of the action" and "is so situated that the disposition of the action in his absence may . . . as a practicable matter impair or impede his ability to protect that interest." See Civ. R. 19(A)(2). At issue in this case was whether such deed validly conveyed a fee simple interest to Lane Witte or, for that matter, any type of interest. By holding that the conveyance from appellant to Lane Witte was void ab initio "in that it attempts to convey to Lane Witte an interest that Lenschen Witte did not hold, to wit: a fee simple in the premises," and ordering that appellee CLC was entitled to possession of the subject property, the trial court, in essence, divested Lane Witte of property in which he claimed an interest without giving him a chance to protect his interest in the same. While the conveyance of a fee simple interest from appellant to Witte may ultimately prove to be invalid, we find that Witte was a necessary and indispensable party to this action.
 {¶ 35} Based on the foregoing, we find that the trial court erred in denying appellant's motion to join Lane Witte as a party to the action. Appellant's first assignment of error is, therefore, sustained to such extent.[1]
 II, III {¶ 36} Based on our disposition of appellant's first assignment of error, appellant's second and third assignments of error are moot.
 {¶ 37} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J. Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.
[1] See Peters v. Durroh (1971), 28 Ohio App.2d 245,277 N.E.2d 69, in which the court held that in a plaintiff husband's action to recover for rent of premises jointly owned by the plaintiff husband and his wife, the wife was a necessary party. After the defendant, in Peters, had moved to dismiss or have the plaintiff's wife joined in the action, the trial court reserved ruling on the motion to dismiss and the defendant then presented his defense. Subsequently, the trial court entered a judgment. On appeal, the court, in Peters, remanded the matter to the trial court for addition of the plaintiff's wife as a party to the judgment or, in the alternative, remanded the matter to the trial court for a new trial since the trial had already been held.