[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] This court sua sponte consolidates these two appeals for purposes of decision only.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Brenda and Harold Wells separately appeal from a Gallia County Common Pleas Court declaratory judgment, finding an oral land contract, in favor of Debbie and Glenn Young (collectively "Youngs"). On appeal, Brenda first contends that the trial court's April 13, 2005 judgment is void ab initio because the Youngs failed to join her as a necessary party before the judgment. Because joining necessary and indispensable parties in a declaratory judgment action is a jurisdictional requirement, we agree. Accordingly, we sustain Brenda's first assignment of error and find the remainder of Brenda's and Harold's assignments of error moot. We vacate all the judgments of the trial court, including the April 13, 2005 judgment, and remand this cause to the trial court with the instruction to dismiss this action for lack of subject matter jurisdiction. *Page 2 
 I. {¶ 2} The Youngs filed a complaint in the Gallia County Common Pleas Court seeking a declaratory judgment. They named Harold as the sole defendant. They alleged that in 1994, they entered into an oral contract with Harold to purchase real estate.
 {¶ 3} Harold filed his answer and a counterclaim against the Youngs. In his answer, Harold asserted a number of affirmative defenses, but failed to assert that the Youngs failed to join all persons needed for just adjudication pursuant to Civ.R. 19.
 {¶ 4} After a bench trial, the trial court issued its order on April 13, 2005, finding in favor of the Youngs on their complaint and Harold's counterclaim. The court ordered Harold to transfer the real estate to the Youngs.
 {¶ 5} Later, the parties informed the court that Harold's ability to outright deed the property to the Youngs was hindered because, following the 1994 oral agreement between himself and the Youngs, he conveyed a half-interest in the property to his then-wife, Brenda in 2000.
 {¶ 6} Harold filed a Civ.R. 60(B) motion for relief from the court's order finding an oral contract. Harold argued, inter alia, that all parties necessary for just adjudication, i.e., Brenda, were not parties to the litigation.
 {¶ 7} The court ordered Brenda to "intervene" in the action, and it overruled Harold's Civ.R. 60(B) motion.
 {¶ 8} Brenda filed an objection to the trial court's order to intervene, arguing that the court had no personal jurisdiction to order her to appear and intervene in the action. *Page 3 
The court overruled her objection and again ordered her to intervene in the action by way of pleading within fourteen days of the order.
 {¶ 9} Brenda filed a pleading reasserting her objection to the trial court's order. She asserted a dower interest in the property, that she contributed martial funds to pay the mortgage on the subject property, that she had a one-half interest in the subject property by virtue of a deed recorded on February 3, 2000, and that she never conveyed her interest in the land to anyone.
 {¶ 10} Brenda also filed a Civ.R. 60(B)(5) motion to set aside the court's entry finding an oral contract. The trial court denied Brenda's motion, stating that "[n]o final judgment against her has been granted from which relief to her can be given[,]" because she was not a party to the case at the time of the judgment entry.
 {¶ 11} On June 13, 2006, apparently after a hearing, the court filed a judgment entry. It found, inter alia, that Harold was the sole owner of the property at the time of the oral transfer in 1994, and that Brenda and Harold failed to show that Brenda had any dower interest in the subject property at the time of the oral contract. It also held that Brenda had knowledge "that the Youngs had exclusive right of possession of the premises in question from April or May of 1994." Further, it found that at the time Brenda was purportedly transferred an interest in the subject property, she took such interest subject to the rights and interests of the Youngs. It ruled that the Wells transfer any and all interest held by them in the real estate to the Youngs and again entered judgment in favor of the Youngs on their claims and on Harold's counterclaim. *Page 4 
 {¶ 12} Brenda appeals and asserts the following assignments of error: I. "The Gallia County Court of Common Pleas erred by not sustaining Appellant Brenda S. Wells' Motion to Set Aside the Judgment that the Court had previously issued when Appellant Brenda S. Wells had never been named a party though the subject property was titled in her name and she was necessary for a just adjudication of the declaratory judgment action Appellees filed." II. "The lower court erred by ordering, over her objection, that Appellant Brenda S. Wells be named an involuntary party defendant to the action when no provision in the Ohio Rules of Civil Procedure permitted such action and Plaintiffs/Appellees never took actions to name her as a party to the action." And, III. "The lower court erred when it failed to recognize that Appellant Brenda S. Wells had a recognized interest in the property at issue in the action before the Court."
 {¶ 13} Harold also appeals and asserts the following assignments of error: I. "The lower court erred in overruling the defendant/appellant, Harold Well's [sic] Rule 60(B) motion[.]" II. "The weight of the evidence does not support the lower court's decision that the plaintiff[s]-appellees met the burden of proving that there was sufficient evidence to support a finding that a valid contract had been established, that the statute of frauds had been met." And, III. "The trial court erred in making the defendant/appellant, Harold Wells' wife, Brenda Wells, a party, after the Court already decided as to ownership of an un-described parcel of property."
 II. {¶ 14} Brenda contends in her first assignment of error that the trial court erred when it denied her motion to set aside the April 13, 2005 judgment. Specifically, she asserts *Page 5 
that the trial court lacked subject matter jurisdiction to render the April 13, 2005, judgment because all necessary parties needed for just adjudication were not joined to the declaratory judgment action at that time, as required by R.C. 2721.12 and Civ.R. 19. She maintains that the April 13, 2005 judgment is void.
 {¶ 15} We first set forth our standard of review. A trial court's ruling on a motion for relief from judgment lies within the sound discretion of the trial court and will not be overturned absent a showing of an abuse of that discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. However, "[t]he authority to vacate a void judgment is not derived from Civ. R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus, citing Lincoln Tavern v. Snader [1956],165 Ohio St. 61, paragraph one of the syllabus, and Westmoreland v. Valley HomesCorp. [1975], 42 Ohio St.2d 291, 294, approved and followed. The issue of whether a court has subject matter jurisdiction of an action is a question of law. Burns v. Daily (1996), 114 Ohio App.3d 693, 701. Therefore, our standard of review is de novo. See, e.g., In reMcCrady (Nov. 6, 2000), Washington App. Nos. 99CA52, 00CA16.
 {¶ 16} R.C. 2721.12(A) provides that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declarationshall be made parties to the action or proceeding." (Emphasis added.) "The absence of a necessary party constitutes a jurisdictional defect which precludes a Court of Common Pleas from rendering a declaratory *Page 6 
judgment." City of Cincinnati v. Whitman (1975), 44 Ohio St.2d 58, paragraph one of syllabus, citing Zanesville v. Zanesville Canal Mfg.Co. (1953), 159 Ohio St. 203; see, also, Gannon v. Perk (1976),46 Ohio St.2d 301; Portage Cty. Bd. of Commrs. v. Akron, 109 Ohio St.3d 106,2006-Ohio-954, ¶ 99; Bretton Ridge Homeowners Club v. DeAngelis (1988),51 Ohio App.3d 183. Further, "[t]he defense of failure to join a party in a declaratory judgment action cannot be waived." Plumbers Steamfitters Local Union 83 v. Union Local School Dist. Bd. ofEdn., 86 Ohio St.3d 318, 1999-Ohio-109, citing DeAngelis, supra.
 {¶ 17} A judgment entered by a court lacking jurisdiction "is voidab initio." Patton, supra, at paragraph three of the syllabus. Appellate courts have inherent power to vacate a judgment that is void abinitio, and the judgment can be challenged at any time. Id. at 70; see, also, Wandling v. Ohio Dept. of Transp. (1992), 78 Ohio App.3d 368, 371;Gahanna v. Jones-Williams (1997), 117 Ohio App.3d 399, 404.
 {¶ 18} Here, the Youngs filed a declaratory judgment action and did not name Brenda as a party. They had to include all necessary parties before the court had jurisdiction. Even though Harold did not assert the defense of failure to join a party, he cannot waive this jurisdictional defect. Even if we assume, without deciding, that Brenda was later properly made a party to the action, this occurred after the April 13, 2005 judgment. Therefore, before we can determine if the April 13, 2005 judgment is void ab initio, we must determine if Brenda was a "necessary party" to the declaratory judgment action. *Page 7 
 {¶ 19} Ohio Civ.R. 19(A) is instructive on determining who is a necessary party. See, e.g., City of Ironton v. Board of Trustees of theLawrence County General Hosp. (Dec. 18, 1986), Lawrence App. No. 1772. It provides "[a] person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee."
 {¶ 20} Titled owners of real property, or persons with some purported interest in real property, are necessary and indispensable parties to litigation seeking to divest those owners of their interest therein. SeeHuener v. Huener (1996), 110 Ohio App.3d 322, 327; see, also,Congress Lake Club v. Witte, Stark App. No. 2005CA0037, 2006-Ohio-59, ¶¶ 29, 34.
 {¶ 21} In Witte, plaintiff was the owner of property and leased the property to defendant. Id. at ¶¶ 3-4. After years of living on the property, defendant "purportedly conveyed a fee simple interest in the subject property * * *" to her son. Id., ¶ 8. When plaintiff filed a forcible entry and detainer action, plaintiff did not name the son as a party to the litigation. Id., ¶¶ 15-16. At trial, defendant moved to dismiss the complaint for failure to join the son because he was a "necessary and indispensable party for a full *Page 8 
and just adjudication of all the issues * * *." Id. at ¶ 16. The trial court later denied defendant's motion and found that the son was not a necessary and dispensable party to the action. Id. at ¶ 24.
 {¶ 22} On appeal, the defendant in Witte argued that the trial court erred in denying her motion to dismiss the action for failing to name necessary and indispensable parties. Id. at ¶ 26. The Witte court held that the son "was a necessary and indispensable party* * *." Id. at ¶¶ 29, 34. The court found that the son, "by virtue of the general warranty deed from [defendant], claimed an `interest relating to the subject of the action' and `is so situated that the disposition of the action in his absence may . . . as a practicable matter impair or impede his ability to protect that interest." Id. at ¶ 34, citing Civ.R. 19(A)(2). The court found the son to be a necessary and indispensable party despite the possibility that the interest in the property conveyed to him by his mother "may ultimately prove to be invalid * * *." Id.
 {¶ 23} Here, we find that regardless of whether the conveyance to Brenda may ultimately be invalid, she was a necessary and indispensable party to this action by virtue of the purported conveyance of a half interest in the property from Harold. Therefore, Brenda had "an interest relating to the subject of the action and is so situated that the disposition of the action in [her] absence may * * * as a practical matter impair or impede [her] ability to protect that interest * * *." Civ.R. 19(A)(2). Consequently, the trial court did not have subject matter jurisdiction to render the April 13, 2005 judgment, and thus, the judgment is void ab initio. See Patton, supra. *Page 9 
 {¶ 24} Accordingly, we sustain Brenda's first assignment of error; find all the remaining assignments of error moot, see App.R. 12(A)(1)(c); vacate all the judgments of the trial court, including the April 13, 2005 judgment, and remand this cause to the trial court with the instruction to dismiss this action for lack of subject matter jurisdiction. See Civ.R. 41(B)(4)(b), i.e., "failure to join a party under Civ.R. 19 or Civ.R. 19.1."
 JUDGMENTS VACATED AND CAUSE REMANDED. *Page 10 
 JUDGMENT ENTRY
It is ordered that ALL THE JUDGMENTS OF THE TRIAL COURT BE VACATED, including the April 13, 2005 judgment and this CAUSE BE REMANDED to the trial court with the instruction to dismiss this action for lack of subject matter jurisdiction. Appellees shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Dissents.
 Abele, J.: Concurs in Judgment Only. *Page 1