**LEWIS & MICHAEL, INC.**

v.

**OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES.**

Court of Claims of Ohio.

No. 98–04891.

Decided Nov. 1, 1999.

**30**

*Curtis F. Slaton,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Jon C. Walden,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

Plaintiff Lewis & Michael, Inc. brought this action against defendant Department of Administrative Services seeking damages in the form of profits that it claims it would have earned had defendant not wrongfully awarded a public contract to one of its competitors. The case was tried to the court on the sole issue of defendant's liability.

In 1997, defendant solicited bids for the "transportation and related moving services to relocate department of ODOT, personnel and equipment * * * in two

(2) phases." Plaintiff submitted a bid for the project containing a combined price of $174,000 for phases one and two. Commercial Movers, Inc. submitted a bid that contained a single bid price of $169,200. Commercial Movers' bid bond was also in the amount of $169,200.

After the bids were open to the public, the bid submitted by Commercial Movers was the lowest; plaintiff's was the next lowest. It was also discovered that Commercial Movers' bid did not include a phase-two specification sheet as required by the pre-bid instructions. Over plaintiff's objections, Commercial Movers was awarded the contract.

■ Although an agency has broad discretion to grant bids based upon its own rules, legislation requires an agency to award its bid to the lowest responsive and responsible bidder as defined in R.C. 9.312. *Leaseway Distrib. Ctr., Inc. v. Dept. of Adm. Serv.* (1988), 49 Ohio App.3d 99, 103, 550 N.E.2d 955, 959–960. R.C. 9.312 provides that "[a] bidder on the contract shall be considered responsive if his proposal responds to bid specifications in all material respects and contains no irregularities or deviations from the specifications which would affect the amount of the bid or otherwise give him a competitive advantage." See, also, Ohio Adm.Code 123:5–1–01(J).

■ A statute that confers upon a governmental body the authority to make a contract with the lowest responsible bidder confers upon the governmental authority discretion with respect to the contract. See *Hardrives Paving & Constr., Inc. v. Niles* (1994), 99 Ohio App.3d 243, 246, 650 N.E.2d 482, 483–484; *Johnson Constr. v. Ohio Dept. of Transp.* (June 30, 1998), Franklin App. No. 97APE10–1401, unreported, 1998 WL 353875. Generally, courts are reluctant to substitute their judgment for that of government officials in determining which party is the lowest responsible bidder; the presumption is that governmental officials have acted in a lawful manner. *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 21, 552 N.E.2d 202, 204–205. Thus, the standard of review for the trial court in determining whether the governmental body has appropriately awarded a competitive bidder a contract is whether the governmental body abused its discretion. *BFI Waste Sys. of Ohio v. Garfield Hts.* (1994), 94 Ohio App.3d 62, 70, 640 N.E.2d 227, 231–232.

■ Plaintiff argues that Commercial Movers' bid was not responsive because it did not set out separate prices for phase one and phase two of the project and omitted specifications for phase two. Plaintiff further argues that defendant abused its discretion in awarding the contract to Commercial Movers.

■ Not every variation from the instruction or specifications will destroy the competitive character of a bid. *Natl. Eng. & Contr. Co. v. Cleveland* (C.P.1957), 76 Ohio Law Abs. 303, 146 N.E.2d 340; *Johnson Construction, supra.* In

*Johnson Construction,* the issue for the court was the validity of a public contract where the bid for improvements in a portion of a state highway failed to include a unit price bid for "cleaning and grubbing." The state agency deemed the omitted item to be a zero-cost item, accepted the bid, and awarded the contract to the lowest bidder. An unsuccessful bidder brought suit against the agency seeking injunctive relief and damages. The trial court ruled in favor of the agency. The court of appeals held that it was within the agency's discretion to treat the omitted item as a zero-cost item and award the contract to that bidder because the omission of the unit price did not alter the price of the bid or give the bidder any competitive advantage. *Id.*

In this case, the omission of the phase-two specifications had no effect on the amount of the bid, since the price submitted by Commercial Movers included all work on the project. This conclusion is supported by the fact that the bid bond submitted by Commercial Movers was in the amount of $169,200, the total amount of the bid price. The instructions to bidders required a one-hundred-percent bid guarantee. Additionally, some of the bid documents submitted by Commercial Movers described work that was actually to be performed in phase two of the project. The only reasonable conclusion is that Commercial Movers' price of $169,200 was a total project bid price.

Plaintiff next argues that defendant's decision to allow Commercial Movers to supplement its bid with phase-two specifications gave Commercial Movers a competitive advantage over the other bidders because it allowed Commercial Movers to see all of the other bids before submitting its entire final bid. The court disagrees.

As stated above, defendant was well within its discretion to treat Commercial Movers' bid price as a total bid price even though the phase-two specifications were omitted. Defendant's purchasing officer, Donald McClure, testified that he contacted Commercial Movers' representative, Kenneth Mulligan, to confirm that the bid was for the entire project. McClure testified that Mulligan assured him that the bid price was a total bid price and he attributed the omission of separate phase-two specifications to a clerical error. According to McClure, the phase-two specifications were faxed to him within minutes of the call to Mulligan. Based upon this testimony, the court finds that Commercial Movers was not allowed to change its bid price after the bids were opened. Thus, it is difficult for the court to conceive how Commercial Movers derived a competitive advantage from its knowledge of the other bids.

Finally, plaintiff argues that since Commercial Movers' bid was defective on its face, defendant was required to reject it without seeking clarification. This argument is contradicted by the case law and the language of the bid documents.

In *W.C.I./Waltek v. Ohio Bldg. Auth.* (Aug. 4, 1994), Franklin App. No. 93APE11–1583, unreported, 1994 WL 409780, the issue for the Tenth District Court of Appeals was whether OBA abused its discretion by contacting the lowest bidder to clarify that the contractor did not reserve the right to withdraw its bid, despite a notation in the bid to the contrary. The court of appeals affirmed the trial court's holding that OBA had not abused its discretion in electing to contact the bidder for clarification. *Id.*

In the present case, as in *WCI, supra,* defendant simply sought clarification that the bid price included phase two of the project in light of the omission of the phase-two specifications. It was not an abuse of discretion for defendant to do so.

Moreover, the instructions to bidders published by defendant permit it to seek clarification. The instructions provide in part.

"Section VIII, Subsection C

"The bidder is expected to submit all items required in this CSB, with their bid submission, with the exception of the performance bond, (see Section IX below). *In the event the required submissions and information are not submitted with the bid, the Office of State Purchasing may request [that] this information be submitted during the evaluation. The bidder will be given three (3) calendar days to submit the information requested.* Failure to submit the information in the three (3) day period will deem your bid non-responsive and further consideration for award shall not be given." (Emphasis added.)

According to McClure, Commercial Movers supplemented its bid with a phase-two specification sheet well within the three-day period set forth in Section VIII(C) of the instructions.

In the final analysis, the court finds that defendant did not abuse its discretion when it treated Commercial Movers' bid as the lowest responsive bid and awarded the contract to Commercial Movers. The irregularity in Commercial Movers' bid was insubstantial; it did not affect the bid price or give Commercial Movers a competitive advantage over other bidders, including plaintiff. The court concludes that defendant is not liable to plaintiff for damages.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.