[Cite as *N.L. Constr. Corp. v. Freed Hous. Corp., Inc.*, 2012-Ohio-350.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


N.L. CONSTRUCTION CORPORATION

      Plaintiff-Appellant

-vs-


FREED HOUSING CORPORATION, INC., et al.,

      Defendants-Appellees

|  |  |
|---|---|
| : | JUDGES: |
| : | William B. Hoffman, P.J. |
| : | Julie A. Edwards, J. |
| : | Patricia A. Delaney, J. |
| : |  |
| : | Case No. 2011CA00192 |
| : |  |
| : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common Pleas Case No. 2011CV02639 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | January 23, 2012 |
| APPEARANCES: | |

| For Plaintiff-Appellant | For Defendants-Appellees |
|---|---|
| JOHN R. ROSS<br>Morrow & Meyer, LLC<br>6269 Frank Ave., N.W.<br>Canton, Ohio 44720 | JOHN WIRTZ, ESQ.<br>220 Market Ave., South, Suite 600<br>Canton, Ohio 44702 |
| | COREY MINOR-SMITH, ESQ.<br>400 East Tuscarawas Street<br>Canton, Ohio 44702 |

*Edwards, J.*

**{¶1}** Plaintiff-appellant, N.L. Construction Corporation, appeals from the August 31, 2011, Judgment Entry of the Stark County Court of Common Pleas denying its Motion for a Preliminary Injunction.

STATEMENT OF THE FACTS AND CASE

**{¶2}** The facts, as stipulated to by the parties,[1] are as follows.

**{¶3}** Appellant N.L. Construction Corporation is an Ohio Corporation with offices in Canton, Ohio. Appellee Freed Housing Corporation is a non-profit corporation and wholly-owned subsidiary of appellee Stark Metropolitan Housing Authority ("SMHA"), a state agency and public housing authority.

**{¶4}** Appellee Freed and appellee SMHA let for bid a construction contract commonly known as the "Hunter House Project", a public works project, and retained the architectural firm of John Patrick Picard for architectural and design services. Bid specifications for the project were publically advertised as required by Ohio law.

**{¶5}** Prior to the bid opening of June 16, 2011, on June 6, 2011 and June 10, 2011, the architect issued two (2) modifications to the bid specifications. Thereafter, on June 16, 2011, the bids for the project were opened.  While appellant was the apparent low bidder for the general trades contract work with a bid of $3,284,601.00, Armatas Construction, Inc. was the second lowest bidder with a bid of $3,542,400.00.

**{¶6}** On June 17, 2011, the project architect, John Patrick Picard Architect, Inc., issued a "Request for Bid Clarification/Revision."  The Request for Bid Clarification/Revision asked appellant, Armatas Construction and other businesses to

---

[1] The parties' Fact Stipulations were attached to the trial court's August 31, 2011, Judgment Entry.

submit the amount of a credit to appellee SMHA based on residential, as opposed to commercial, prevailing wages rates. The advertised bid documents had specified that the commercial prevailing wage rates were to be used. After submitting the amount of the credit, appellant was still the apparent low bidder while Armatas was the second lowest bidder.

{¶7} Appellee SMHA awarded the general trades contract to Armatas Construction, Inc. at its Board of Commissioners meeting on July 28, 2011, as the lowest responsive and responsible bidder. Appellee SMHA's contracting officer verbally stated that appellant's bid was non-responsive because it had failed to list subcontractors. Appellee SMHA awarded the contract to Armatas Construction, Inc. utilizing the residential wages rates in the Bid Clarification/Revision for a price of $3,114,780.00.

{¶8} Appellant then submitted a written protest to appellee SMHA on August 1, 2011. Appellee SMHA responded to the same in writing on August 4, 2011. In its letter, appellee SMHA indicated that appellant's bid was nonresponsive because appellant had not listed subcontractors as required. The parties, in their stipulations, agreed that neither appellee SMHA nor appellee Freed met with appellant to discuss the protest.

{¶9} On August 18, 2011, appellant filed a Verified Complaint for Declaratory Judgment, Mandamus and Injunctive Relief against appellees in the Stark County Court of Common Pleas, alleging that appellees had violated R.C. Sections 153.12 and 9.312 by awarding the general trades contract to Armatas Construction, Inc. Appellant, in its complaint, also argued that it was the lowest responsive and responsible bidder and that the decision not to award it the general trades contract was arbitrary, capricious

and an abuse of discretion. Appellant, in its complaint, asked, in relevant part, for the following:

**{¶10}** "1. That this Court issue a Declaratory Judgment, a temporary restraining order, a preliminary injunction and a permanent injunction, declaring the award of the contract to Armatas void and enjoining Defendants, SMHA and Freed, from proceeding with the general trades contract awarded to Armatas.

**{¶11}** "2. That this Court issue an Order of Mandamus under O.R.C. 2731.01 directing SMHA and Freed to award the general trades contract to N.L. as the lowest responsive and responsible bidding contractor under the publically advertised bid specifications for the general trades contract for the Project."

**{¶12}** Appellant, on the same date, filed a Motion for Temporary Restraining Order and Preliminary and Permanent Injunction. Appellant sought to enjoin appellees from proceeding with the general trades contract awarded to Armatas Construction, Inc. Pursuant to a Judgment Entry filed on August 19, 2011, the trial court granted the Motion for a Temporary Restraining Order.

**{¶13}** The matter came on for a hearing before the trial court on August 26, 2011 on appellant's Motion for a Preliminary Injunction. As memorialized in a Judgment Entry filed on August 31, 2011, the trial court denied such motion and held that its order was a final appealable order and that there was no just cause for delay. The trial court, in its Judgment Entry, held that appellant was notified of the Request for Bid Clarification/Revision and provided with the same amount of time to respond to the same as the other bidders and that appellant suffered no prejudice. The trial court, in its Judgment Entry, also indicated that after appellant submitted a written protest to

appellee SMHA, "[p]er this Court's instruction, [appellant] was provided a meeting with the Defendant to satisfy the statutory requirement set forth in R.C. 9.312(B). Said meeting took place on August 30, 2011."

{¶14} Appellant now raises the following assignments of error on appeal:

{¶15} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY ALLOWING DEFENDANTS-APPELLEES TO MODIFY PUBLICLY ADVERTISED BID SPECIFICATIONS AFTER BID OPENING AND TO AWARD A PUBLIC WORKS CONTRACT BASED ON UNADVERTISED BID SPECIFICATIONS IN VIOLATION OF O.R.C. § 153.12.

{¶16} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY ALLOWING DEFENDANTS-APPELLEES TO MAKE A FINAL AWARD OF A PUBLIC WORKS CONTRACT WITHOUT PROVIDING PLAINTIFF-APPELLANT WRITTEN NOTICE OF REASONS FOR THE REJECTION OF ITS BID AND A PROTEST MEETING UNDER O.R.C. § 9.312."

STANDARD OF REVIEW

{¶17} Courts, in determining whether to grant injunctive relief, take into consideration the following four factors: (1) the likelihood of a plaintiff's success on the merits, (2) whether the issuance of the injunction will prevent irreparable harm to the plaintiff, (3) what injury to others will be caused by the granting of the injunction, and (4) whether the public interest will be served by the granting of the injunction. *Corbett v. Ohio Bldg. Auth.*, 86 Ohio App.3d 44, 49, 619 N.E.2d 1145, (10th Dist. 1993).

{¶18} The decision whether to grant or deny an injunction rests in the sound discretion of the trial court and will not be disturbed by a reviewing court absent a clear

abuse of discretion. *Garono v. State*, 37 Ohio St.3d 171, 173, 524 N.E.2d 496, (1998). In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140, (1983). We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.

**{¶19}** Each element must be proven by clear and convincing evidence before the trial court can order a preliminary injunction. *Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co., Gen. Commodities Div.*, 109 Ohio App.3d 786, 792-793, 673 N.E.2d 182, (10th Dist. 1996).

I

**{¶20}** Appellant, in its first assignment of error, argues that the trial court erred by allowing appellees to modify publicly advertised bid specifications after bid opening and to award a public works contract based on unadvertised bid specifications in violation of R.C. 153.12. We agree.

**{¶21}** R.C. 153.12 states, in relevant part, as follows: "(A) With respect to award of any contract for the construction, reconstruction, improvement, enlargement, alteration, repair, painting, or decoration of a public improvement made by the state, or any county, township, municipal corporation, school district, or other political subdivision, or any public board, commission, authority, instrumentality, or special purpose district of or in the state or a political subdivision or that is authorized by state law, the award, and execution of the contract, shall be made within sixty days after the date on which the bids are opened. The failure to award and execute the contract within

sixty days invalidates the entire bid proceedings and all bids submitted, unless the time for awarding and executing the contract is extended by mutual consent of the owner or its representatives and the bidder whose bid the owner accepts and with respect to whom the owner subsequently awards and executes a contract. The public owners referred to in this section shall include, in the plans and specifications for the project for which bids are solicited, the estimate of cost. The bid for which the award is to be made shall be opened at the time and place named in the advertisement for bids, unless extended by the owner or its representative or unless, within seventy-two hours prior to the published time for the opening of bids, excluding Saturdays, Sundays, and legal holidays, any modification of the plans or specifications and estimates of cost for the project for which bids are solicited is issued and mailed or otherwise furnished to persons who have obtained plans or specifications for the project, for which the time for opening of bids shall be extended one week, with no further advertising of bids required."

**{¶22}** R.C. 153.12 clearly provides a mechanism for modifying bid plans or specifications prior to the time that the bids are opened.  The statute does not provide any mechanism for modifying the bid plan or specifications after opening.  This Court is not aware of any other statute or other authority governing post-opening modification of bid plans or specifications nor have appellees cited this Court to such a statute or other authority.

**{¶23}** In the case sub judice, on June 16, 2011, the bids for the project were opened.  While appellant was the apparent low bidder for the general trades contract work with a bid of $3,284,601.00, Armatas Construction was the second lowest bidder

with a bid of $3,542,400.00. Thereafter, on June 17, 2011, the project architect, John Patrick Picard Architect, Inc., issued a "Request for Bid Clarification/Revision." The Request for Bid Clarification/Revision asked appellant, Armatas Construction and other businesses to submit the amount of a credit to SMHA based on residential, as opposed to commercial, prevailing wage rates. The revision was not publicly advertised.

**{¶24}** We find that appellees violated the plain language contained in R.C. 153.12 by modifying the publicly advertised bid specifications <u>after</u> the bids had been already opened. As noted by appellant, the statute does not provide for post-bid opening modification of specifications because once bids are opened, "the bidder's monetary sums are known" and are no long sealed. Because appellees did not comply with R.C. 153.12, we find that the award of the general trades contract to Armatas Construction was void. See *Buchanan Bridge Co. v. Campbell*, 60 Ohio St. 406, 54 N.E. 372, (1899) in which the court held that a contract made by county commissioners for the purchase and erection of a bridge, in violation or disregard of the statutes on that subject, was void. See also *Cuyahoga Cty. Bd. of Commrs. v. Richard L. Bowen and Assoc., Inc.,* 8th Dist. No. 81867, 2003-Ohio-3663, at ¶ 20-24, (holding that the county commissioners, in their solicitation of a design services contract, failed to comply with relevant statutory authority, thereby rendering the subsequent service contract void), quoting *Buchanan, supra.*

**{¶25}** Appellant's first assignment of error is, therefore, sustained.

II

**{¶26}** Appellant, in its second assignment of error, argues that the trial court erred by allowing appellees to make a final award of the public works contract in this

case without providing appellant written notice of the reasons for rejection of appellant's bid and a protest meeting pursuant to R.C. 9.312.

{¶27} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.

{¶28} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Edwards, J.

Hoffman, P.J. concurs

Delaney, J. dissents

_____

_____

_____

JUDGES

*Delaney, J., dissenting*

**{¶29}** I respectfully dissent from the majority's analysis and disposition of appellant's first assignment error.

**{¶30}** "To prevail on a complaint seeking injunctive relief with respect to the award of a public contract, the plaintiff must prove, by clear and convincing evidence, that the award of the contract: 1) constituted an abuse of discretion; and 2) resulted in some tangible harm to the public in general, or to the plaintiff individually." *W.C.I./Waltek v. The Ohio Building Authority*, 10th Dist. No. 93APE11-1583, 1994 WL 409780 (Aug. 4, 1994), citations omitted.

**{¶31}** The parties' stipulations reflect that appellant was still the low bidder after the bid clarification/revision credit was requested by the project architect. Armatas, the next lowest bidder, was awarded the contract because appellant's bid was considered non-responsive due to its failure to list subcontractors.

**{¶32}** No evidence was presented that anyone received a competitive advantage from its knowledge of the other bids. Appellee characterizes the minor change in the bid specification as not substantial and immaterial. I would agree with that characterization.

**{¶33}** I would affirm the trial court's holding that appellant was not prejudiced or at a disadvantage in responding to the clarification/revision or that the integrity of the competitive bidding process was compromised. See also, *Lewis & Michael, Inc. v. Ohio Dept. of Administrative Services*, 103 Ohio Misc.2d 29, 724 N.E.2d 885 (not every variation from the instruction or specifications will destroy the competitive character of the bid).

**{¶34}** I would overrule appellant's first assignment of error and then proceed to address appellant's second assignment of error.


_____
JUDGE PATRICIA A. DELANEY



IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| N.L. CONSTRUCTION CORPORATION | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| FREED HOUSING CORPORATION, INC., et al., | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011CA00192 |


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellees.


_____


_____


_____
JUDGES