[Cite as *Fabrizi Recycling, Inc. v. Cleveland*, 2022-Ohio-1395.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FABRIZI RECYCLING, INC., :

    Plaintiff-Appellee, :

                       No. 110548

    v. :

CITY OF CLEVELAND, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** April 28, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-945381

---

### *Appearances:*

Frantz Ward LLP and Nora E. Loftus; Audra J. Zarlenga,
*for appellee.*

Mark Griffin, Cleveland Director Law, Craig J. Morice and
Amy K. Hough, Assistant Directors of Law, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} The city of Cleveland ("Cleveland") appeals from the trial court's judgment granting Fabrizi Recycling, Inc.'s ("Fabrizi") request for declaratory judgment and injunctive relief. After reviewing the facts of the case and pertinent

law, we vacate the lower court's judgment and order that the complaint be dismissed for lack of subject-matter jurisdiction unless all necessary parties are joined.

## I. Facts and Procedural History

{¶ 2}   In November 2020, Cleveland solicited contractors to submit bids for two construction projects (the "Cleveland Project" and the "Parma Project"; collectively, the "Projects").  The solicitations called for bidders to use their "best efforts" to ensure that at least 30 percent of the Projects were performed by entities certified as Cleveland Area Small Businesses, Minority Business Enterprises, or Female Business Enterprises (collectively "CASB") under Cleveland Codified Ordinances ("C.C.O.") 187.03.

{¶ 3}   Fabrizi and another contractor, the Vallejo Company ("Vallejo"), submitted bids for the Projects.  It was later determined that Fabrizi's bids were the lowest bids for each Project.  Fabrizi's bids identified Sydby Enterprises, L.L.C., ("Sydby") as a subcontractor providing "Hauling/Deliveries," "Pipe/Fittings," and "Hydrants/Valves."  Sydby is a certified CASB subcontractor under C.C.O. 187.03.  Sydby's subcontract value amounted to at least 30 percent of Fabrizi's respective bids for the Projects.

{¶ 4}   According to C.C.O. 185.01, Cleveland shall award public contracts "only to the lowest responsible bidder."  Furthermore, pursuant to C.C.O. 185.12, Cleveland

> shall reserve the right to reject any or all bids, and any part of any bid, and also the right to waive any informalities in the bid.  In awarding a contract, [Cleveland] shall reserve the right to consider all elements entering into the question of determining the responsibility of the

bidder. Any bid which is incomplete, conditional, obscure or which contains additions not called for or irregularities of any kind, may be cause for rejection of such bid.

{¶ 5} On January 29, 2021, Cleveland allegedly approved Vallejo's bid for the Parma Project, which was allegedly higher than Fabrizi's bid, and authorized entering into a contract with Vallejo.

{¶ 6} On February 10, 2021, Cleveland notified Fabrizi that its bids regarding the Projects were "non-responsive." Specifically, Cleveland determined that Sydby was not certified to provide "Pipe, Fittings, Hydrants and Materials," and declined to give Fabrizi credit for Sydby as a subcontractor.

{¶ 7} On March 12, 2021, Cleveland allegedly approved Vallejo's bid for the Cleveland Project, which was allegedly higher than Fabrizi's bid, and authorized entering into a contract with Vallejo.

{¶ 8} On March 22, 2021, Fabrizi filed a complaint against Cleveland requesting declaratory judgment and injunctive relief. It is undisputed that Vallejo was not named as a party to these proceedings.

{¶ 9} Fabrizi's first claim requests that the trial court declare that Cleveland violated C.C.O. 185.01 and 187.01, improperly rejected Fabrizi's bids for the projects, and unlawfully awarded both contracts to Vallejo. Fabrizi further requested the court to declare that the Vallejo contracts were void ab initio.

{¶ 10} Fabrizi's second claim requests that the court issue a "temporary, preliminary, and permanent mandatory injunction" to enjoin Cleveland from: "entering into contracts with Vallejo for the Projects"; "authorizing Vallejo to

perform any work on the Projects"; "issuing a notice to proceed to Vallejo on either Project"; and "making any payment to Vallejo for work performed on the Projects." Fabrizi also requested that the court "issue an Order awarding the contracts to Fabrizi."

{¶ 11} That same day, the court issued an ex parte temporary restraining order ("TRO") in favor of Fabrizi prohibiting Cleveland from entering into contracts and doing business with Vallejo regarding the Projects.

{¶ 12} The court held a combined hearing and a trial on the merits, via Zoom, on Fabrizi's complaint on April 21, 2021, and April 23, 2021. At the close of the case, the court ordered the parties to submit proposed findings of fact and conclusions of law, which the parties did on April 30, 2021.

{¶ 13} On May 6, 2021, the court issued a journal entry, which mirrored Fabrizi's findings of fact and conclusions of law, and granted Fabrizi's requests for preliminary and permanent injunction, as well as declaratory relief. Specifically, the court stated as follows:

> The Court finds by clear and convincing evidence that [Cleveland's] rejection of Fabrizi's initial bids in both [Projects] was an abuse of discretion.
>
> * * * Cleveland is permanently enjoined and restrained from granting the [Projects] to any contractor, person, or entity other than Fabrizi * * *.
>
> The Court declares any contracts for the [Projects] between [Cleveland] and The Vallejo Group or any other contractor beside Fabrizi are void ab initio.
>
> * * * Cleveland is directed to award the contracts for the [Projects] to Fabrizi * * * under the terms of its initial bids.

**{¶ 14}** It is from this order that Cleveland appeals, raising the following three assignments of error for our review:

> The trial court erred in its opinion and order as it is predicated upon insufficient evidence.
>
> The trial court erred in its opinion and order as it was against the manifest weight of the evidence.
>
> The trial court erred as a matter of fact and law in its ordering the city to award both contracts at issue to [Fabrizi], said order constituting an abuse of discretion under controlling Ohio precedent.

**{¶ 15}** After oral argument, this court sua sponte ordered the parties, pursuant to *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 21, to file briefs regarding the following issue:

> Whether the trial court had the authority to declare that "any contracts for the [Projects] between the City and The Vallejo Group or any other contractor beside Fabrizi are void ab initio," taking into consideration: * * * R.C. 2721.12(A) * * * and *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 99 * * *.

## II. Standard of Review

### A. Competitive Bidding Litigation — Abuse of Discretion

**{¶ 16}** The legislative intent behind requiring competitive bidding of government entity contracts is "to provide for open and honest competition in bidding for public contracts and to save the public harmless, as well as bidders themselves, from any kind of favoritism or fraud in its varied forms." *Chillicothe Bd. of Edn. v. Sever-Williams Co.*, 22 Ohio St.2d 107, 115, 258 N.E.2d 605 (1970).

**{¶ 17}** "Generally, courts in this state should be reluctant to substitute their judgment for that of city officials in determining which party is the 'lowest and best

bidder.'" *Cedar Bay Constr. v. Fremont*, 50 Ohio St.3d 19, 21, 552 N.E.2d 202 (1990).

> The rule is generally accepted that, in the absence of evidence to the contrary, public officers, administrative officers and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner. All legal intendments are in favor of the administrative action.

*State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 590, 113 N.E.2d 14 (1953). *See also Lewis & Michael, Inc. v. Ohio Dept. of Admin. Servs.*, 103 Ohio Misc.2d 29, 31, 724 N.E.2d 885 (Ct. of Cl.1999) ("A statute that confers upon a governmental body the authority to make a contract with the lowest responsible bidder confers upon the governmental authority discretion with respect to the contract.").

{¶ 18} The discretion to determine who is the lowest responsible bidder "'is not vested in the courts and the courts cannot interfere in the exercise of this discretion unless it clearly appears that the city authorities in whom such discretion has been vested are abusing the discretion so vested in them.'" *Cedar Bay Constr.*, at ¶ 21, quoting *Altschul v. Springfield*, 48 Ohio App. 356, 362, 193 N.E. 788 (2d Dist.1933).

> In determining the best bidder for a local public works contract, a public authority has considerable latitude in making its decision. As part of this broad discretion, a public authority may consider all relevant factors in its evaluation of which submitted bid is best. This discretion is not vested in the courts, and the courts cannot interfere unless it clearly appears that the public authority is abusing the discretion so vested in it. * * * Accordingly, a disappointed bidder must

present clear and convincing evidence to demonstrate that the public authority abused its discretion in awarding a contract.

*State ex rel. Associated Builders v. Franklin Cty. Bd. of Commrs.*, 125 Ohio St.3d 112, 2010-Ohio-1199, 926 N.E.2d 600, ¶ 22-24. There is a presumption that Cleveland "performed its duties in a regular and lawful manner." *Id.* at ¶ 24.

## B. Permanent Injunctions — Clear and Convincing Evidence that the Court Abused its Discretion

{¶ 19} "[T]o prevail on a complaint seeking injunctive relief with respect to the award of a public contract, [a plaintiff] must prove by clear and convincing evidence that the award constituted an abuse of discretion and resulted in some tangible harm to the public in general, or to [the plaintiff] individually." *Cleveland Constr. v. Ohio Dept. of Admin. Servs., GSA*, 121 Ohio App.3d 372, 384, 700 N.E.2d 54 (10th Dist.1997).

{¶ 20} "Injunctive relief is the proper remedy for an unsuccessful bidder to bring against a contracting authority where it is alleged that a contract was unlawfully awarded to another bidder." *Wilson Bennett, Inc. v. Greater Cleveland Regional Transit Auth.*, 67 Ohio App.3d 812, 821, 588 N.E.2d 920 (8th Dist.1990).

> The party seeking a permanent injunction must demonstrate by clear and convincing evidence that (1) they are entitled to relief under applicable statutory law, (2) an injunction is necessary to prevent irreparable harm, and (3) no adequate remedy at law exists. * * * Irreparable harm is an injury for which there is no plain, adequate, and complete remedy at law and for which money damages would be impossible, difficult, or incomplete.
>
> * * *
>
> The Ohio Supreme Court has defined clear and convincing evidence as that measure or degree of proof that will produce in the mind of the

trier of facts a firm belief or conviction as to the allegations sought to be established.

*Mangano v. 1033 Water St., L.L.C.*, 8th Dist. Cuyahoga No. 106861, 2018-Ohio-5349, ¶ 13-14.

### C. Declaratory Judgment — De Novo

{¶ 21} The Ohio Supreme Court has held that "the de novo standard of review is the proper standard for appellate review of purely legal issues that must be resolved after the trial court has decided that a complaint for declaratory judgment presents a justiciable question under R.C. Chapter 2721." *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 17.

{¶ 22} Pursuant to R.C. 2721.12(A), "when declaratory relief is sought under this chapter in an action or proceeding all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." *See also* Civ.R. 19.

{¶ 23} "A party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a declaratory judgment." *Portage Cty. Bd. of Commrs.*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, at ¶ 99. This court has held that "subject matter jurisdiction is never waived and can be raised at any time. * * * Indeed, an appellate court may sua sponte consider subject matter jurisdiction even if it was not raised below." *State v. Pruitt*, 8th Dist. Cuyahoga No. 91205, 2010-Ohio-1573, ¶ 6.

## III.  Analysis

{¶ 24} Upon review, we find that the failure to join Vallejo to this action, as a necessary and interested party who has or claims "any interest that would be affected by the declaration" sought, is dispositive of the instant appeal.

### A. The Trial Court's Judgment Entry Declaring the Vallejo Contracts Void Ab Initio

{¶ 25} As alleged by Fabrizi in its complaint, Cleveland approved Vallejo's bids and authorized entering into contracts with Vallejo for both Projects.  In turn, the trial court declared void any contracts with Vallejo, "or any other contractor beside Fabrizi," who entered into a contract with Cleveland for the Projects.

{¶ 26} It is axiomatic that Vallejo has, or claims, an interest in any contract to which it is a party.  "In actions at law, upon written contracts, the party to sue is the one in whom the contract vests the legal interest; and the parties to be sued are those upon whom it imposes the legal liability. The contract itself determines the legal rights and liabilities of the parties, and confers the legal right of recovery." *Moore v. Gano*, 1843 Ohio LEXIS 87, 7 (Dec. 1843).  *Compare with Young v. Wells*, 4th Dist. Gallia Nos. 06CA6 and 06CA7, 2007-Ohio-4568, ¶ 20 ("Titled owners of real property, or persons with some purported interest in real property, are necessary and indispensable parties to litigation seeking to divest those owners of their interest therein.").  In summary, Vallejo has an interest in its own contract.

{¶ 27} Under R.C. 2721.12(A), all persons with an interest that "would be affected by the declaration shall be made parties to the action * * *."  Vallejo should have been made a party to this action, to the extent Fabrizi requested a declaration

that Vallejo's alleged contracts with Cleveland for the Projects were void ab initio. Fabrizi's failure to join Vallejo as a necessary and interested party is a "jurisdictional defect that precludes the court from rendering a declaratory judgment" voiding Vallejo's alleged contracts. *See Portage Cty. Bd. of Commrs*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, at ¶ 99.

{¶ 28} The Ohio Supreme Court has held that "a judgment rendered by a court lacking subject-matter jurisdiction is void ab initio. Consequently, the authority to vacate a void judgment is * * * an inherent power possessed by Ohio courts." *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988).

{¶ 29} Accordingly, because Vallejo was not a named defendant in the action, the court was without jurisdiction to declare "any" Vallejo contracts, as well as contracts with "any other contractor beside Fabrizi," void. This part of the trial court's journal entry is vacated for lack of jurisdiction.

**B. The Remainder of the Trial Court's Judgment Entry**

{¶ 30} Similar to Vallejo's interest in its own contracts, Vallejo has, or may claim, an interest in the declaration of rights regarding Fabrizi's contracts with Cleveland, because the subject matter of Fabrizi's contracts and Vallejo's contracts is one and the same — the Projects.

{¶ 31} This court has held that the trial court lacked jurisdiction to render a declaratory judgment for failure to join necessary parties when the plaintiff and the necessary entities had competing interests. In *Pilch v. Cleveland*, 8th Dist. Cuyahoga No. 48163, 1984 Ohio App. LEXIS 12740 (Oct. 22, 1984), the plaintiff

claimed a right to lease space at the West Side Market, which is a public market owned by the city of Cleveland. However, "an established tenant had assigned [this particular space] to a new tenant with the city's approval." *Id.* The trial court declared that the established tenant's assignment to the new tenant was invalid and "ordered the city to lease the available market stand to plaintiff." *Id.*

{¶ 32} It is undisputed that the established tenant and the new tenant were not parties to *Pilch* case. This court recognized that when competing entities claim the same interests, but they are not parties to the case, it is proper to vacate both the declaration of the entities' interests and the order requiring a new agreement be executed.

{¶ 33} Similar to *Pilch*, the remainder of the trial court's journal entry in the case at hand disposes of Fabrizi's claims for injunctive and declaratory relief as follows: 1) The court found that Cleveland's rejection of Fabrizi's bids for the Projects was an abuse of discretion; 2) The court enjoined Cleveland from "granting" the Projects "to any contractor, person, or entity other than Fabrizi * * *"; and 3) The court directed Cleveland to award the contracts for the Projects to Fabrizi.

{¶ 34} Upon review, we find that Vallejo and any other contractor awarded either of the Projects have a legal interest in the outcome of the instant case. These remaining dispositional orders are intertwined with the improper declaration that Vallejo's contracts are void because which contractor is awarded the Projects is a mutually exclusive determination. Fabrizi's claim that it should be awarded the contracts for the Projects is incompatible with anyone else's claim to contracts for

the same Projects. Because this is a zero-sum game, Fabrizi's complaint cannot be litigated without joining Vallejo as party to this case.

{¶ 35} Cleveland's assignments of error are made moot by our finding that the trial court lacked jurisdiction to render its decision. *See* App.R. 12(A)(1)(c). The trial court's judgment is vacated, and this case is remanded to the trial court with an order that the complaint should be dismissed for lack of subject-matter jurisdiction unless all necessary parties are joined. *See Cerio v. Hilroc Condo. Unitowners Assn.,* 8th Dist. Cuyahoga No. 83309, 2004-Ohio-1254, ¶ 13-14 (holding that "because all necessary parties were not named, the trial court was without jurisdiction to award declaratory judgment, and such judgment is void," mooting the remaining assignment of error, and ordering that "the complaint should be dismissed unless all necessary parties are joined"); *Young*, 4th Dist. Gallia Nos. 06CA6 and 06CA7, 2007-Ohio-4568, at ¶ 24 (sustaining an assignment of error regarding failure to join a necessary party under R.C. 2721.12(A), finding the remaining assignments of error moot, vacating the entire judgment entry, and remanding the case "to the trial court with the instruction to dismiss this action for lack of subject matter jurisdiction").

{¶ 36} Judgment vacated and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY J. BOYLE, J., CONCUR