[Cite as *M.F. v. Cuyahoga Cty. Div. of Children & Families*, 2024-Ohio-3306.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| M.F., | : | |
|     Plaintiff-Appellant, | : | |
| | : | No. 113521 |
|     v. | : | |
| CUYAHOGA COUNTY DIVISION OF<br>CHILDREN AND FAMILIES, | : | |
| | : | |
|     Defendant-Appellee. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** August 29, 2024

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-974102

---

### *Appearances:*

UB Greensfelder LLP, Michael N. Ungar, Nicholas B. Wille, Dolores P. Garcia, Emma M. Tomsick, and Ryan Gillespie, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew D. Greenwell and Leslie Shafer, Assistant Prosecuting Attorneys, *for appellee.*

LISA B. FORBES, J.:

{¶ 1} M.F. appeals from the trial court's judgment in favor of the Cuyahoga County Division of Children and Family Services ("CCDCFS") in this case involving

a disposition of substantiated neglect. After reviewing the facts of the case and pertinent law, we find that the trial court lacked subject-matter jurisdiction to hear this case.

## I.  Facts and Procedural History

{¶ 2}  On July 8, 2017, CCDCFS substantiated allegations that M.F. neglected her children by leaving them alone in her car while she was in Sam's Club. CCDCFS notified M.F. of the disposition pursuant to Adm.Code 5101:2-36-03(AA)(2), which requires that CCDCFS "[n]otify the alleged perpetrator in writing of the report disposition; the right to appeal; and the method by which the alleged perpetrator may appeal the disposition as outlined in rule 5101:2-33-20 of the Administrative Code."  At that time, M.F. did not appeal the disposition substantiating that she neglected her children.  For the purposes of this appeal, it is important to note that this disposition did not lead to further legal action, such as a child-custody adjudication in juvenile court or a criminal case against M.F.[1]

{¶ 3}  Approximately five-and-a-half years later, on December 6, 2022, M.F. filed an administrative appeal with CCDCFS.  In her Administrative Appeal Request Form, M.F. stated, "I want to appeal this substantiated allegation because it is not true that any neglect/abuse happened.  There is no evidence that any neglect or abuse happened."

---

[1] Misdemeanor charges for child endangering were brought against M.F. in Parma Municipal Court on May 8, 2017, and they were dismissed on August 28, 2017.

**{¶ 4}** CCDCFS held a video hearing on M.F.'s appeal on December 21, 2022, at which M.F. appeared. According to the CCDCFS activity report of the video hearing, "When asked why she was appealing, she stated that the allegations should not have been substantiated as the information provided to the police was untrue."

**{¶ 5}** CCDCFS upheld the disposition of substantiated neglect on December 23, 2022, and mailed a letter to M.F. notifying her of this decision (the "Disposition Letter"). M.F. appealed the Disposition Letter to the Cuyahoga County Common Pleas Court, purportedly under R.C. 2506.01. CCDCFS filed a motion to dismiss pursuant to Civ.R.12(B)(1) for lack of subject matter jurisdiction. The court denied this motion. The court also denied M.F.'s motion for a R.C. 2506.03 evidentiary hearing, and on November 29, 2023, affirmed the Disposition Letter. Now, M.F. appeals the court's decision, raising two assignments of error for our review:

> I. The trial court erred in denying Appellant's Motion for an Evidentiary Hearing pursuant to R.C. 2506.03.
>
> II. The trial court erred in affirming the administrative decision of Appellee [CCDCFS] pursuant to R.C. 2506.04.

## II. Law and Analysis

### A. Subject-Matter Jurisdiction of Administrative Appeals

#### 1. Standard of Review

**{¶ 6}** Pursuant to the Ohio Constitution, Art. IV, § 4(B), the "courts of common pleas . . . shall have . . . powers of review of proceedings of administrative officers and agencies as may be provided by law." The Ohio Supreme Court has

stated that the "right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 178 (2001).

{¶ 7} In the case at hand, M.F. argues, and the trial court found in both its denial of CCDCFS's motion to dismiss and its decision affirming the Disposition Letter, that this appeal was brought under R.C. 2506.01. We start our analysis by determining whether M.F.'s right to appeal to the common pleas court was conferred by this statute, which is required if the court is to have subject-matter jurisdiction over the Disposition Letter. "This court has held that 'subject matter jurisdiction is never waived and can be raised at any time. . . . Indeed, an appellate court may sua sponte consider subject matter jurisdiction even if it was not raised below.'" *Fabrizi Recycling, Inc. v. Cleveland*, 2022-Ohio-1395, ¶ 23 (8th Dist.), quoting *State v. Pruitt*, 2010-Ohio-1573, ¶ 6 (8th Dist.).

{¶ 8} Courts review subject-matter jurisdiction under a de novo standard. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 12. Additionally, we may consider evidence outside of the complaint to determine whether the court had subject-matter jurisdiction.

> Federal practice relevant to Ohio Civ. R. 12(B)(1) . . . clearly recognizes the obligation of a trial court to determine at the earliest time whether it has jurisdiction and authorizes a court to consider outside matter attached to a motion to dismiss for lack of jurisdiction without converting it into a motion for summary judgment if such material is pertinent to that inquiry. *Alabama, ex rel. Baxley, v. Woody* (1973), 473 F. 2d 10.

*Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 214 (1976). *See also Telhio Credit Union v. Bryant*, 2019-Ohio-4866, ¶ 17 (10th Dist.) (citing *Southgate* to determine that "[i]n deciding a motion to dismiss for lack of subject-matter jurisdiction, the trial court may consider evidence outside of the complaint").

{¶ 9} The Ohio Supreme Court has held that "a judgment rendered by a court lacking subject-matter jurisdiction is void ab initio." *Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988). Additionally, this court has noted that "subject matter jurisdiction is a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." *Vedder v. Warrensville Hts.*, 2002-Ohio-5567, ¶ 14, *citing State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998).

### 2. Final Orders Under R.C. 2506.01

{¶ 10} Pursuant to R.C. 2506.01(A), "every final . . . decision of any . . . division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located . . . ." Under R.C. 2506.01(C), a final decision "means a . . . decision that determines rights, duties, privileges, benefits, or legal relationships of a person . . . ." The Ohio Supreme Court has explained that, under R.C. 2506.01, "the party appealing must have a 'present' and 'substantial' interest in the subject matter of the litigation and must be 'aggrieved or prejudiced' by the decision." *In re Inc. of the Holiday City: Bd. of Trs. of Jefferson Twp. v. Petitioners for Inc. of the Holiday*

*City,* 70 Ohio St.3d 365, 371 (1994), quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm.*, 140 Ohio St. 160 (1942), at syllabus.

{¶ 11} The Ohio Supreme Court's recent decision in *Kyser v. Summit Cty. Children Servs.*, 2024-Ohio-2898, controls the disposition of the case at hand. The procedural history of *Kyser* is similar to the procedural history of the instant case. In *Kyser*, the child-services agency determined that an allegation of child abuse against the plaintiff was substantiated. *Id.* at ¶ 4. The plaintiff appealed this disposition through the agency's administrative-review process. *Id.* at ¶ 5. The agency held a hearing, upheld the substantiated disposition, and sent the plaintiff a letter advising her of this determination. *Id.* at ¶ 6.

{¶ 12} The plaintiff in *Kyser* appealed the agency's disposition letter to the court of common pleas. *Id.* The trial court dismissed the appeal as untimely, and the court of appeals affirmed. *Id. See Kyser v. Summit Cty. Children Servs.*, 2022-Ohio-3467 (9th Dist.). The Ohio Supreme Court accepted jurisdiction over the timeliness issue. Prior to oral argument, the parties were ordered to file supplemental briefing on whether the disposition letter was a final, appealable order under R.C. 2506.01. *Id.* at ¶ 4.

{¶ 13} The plaintiff argued that "the agency's decision upholding the disposition that the abuse allegation was substantiated caused multiple negative consequences for her: the removal of [the child] from her home[2] and the

_____

[2] In *Kyser*, the child abuse allegation concerned a foster mother and the child she was fostering.

termination of the adoption proceedings, her loss of employment, and her inability to foster children in the future." *Id.* at ¶ 16.

{¶ 14} The *Kyser* Court held that, as a matter of law, "a public children-services agency's disposition on a child-abuse allegation . . . is not appealable under R.C. 2506.01 because the disposition does not determine a person's 'rights, duties, privileges, benefits, or legal relationships . . . .'" Additionally, the Court analyzed the facts of the case and found that the substantiated disposition "did not itself conclusively or authoritatively determine any of the consequences cited by Kyser." *Id.* at ¶ 16. Specifically, the *Kyser* Court found that the plaintiff failed to present evidence that the substantiated disposition led to the "negative consequences" she alleged. *Id.* at ¶ 17-20. The Court summarized its holding as follows: "Our decision goes no further than determining that an agency's disposition finding that an allegation of child abuse is substantiated is not a final order under R.C. 2506.01." *Id.* at ¶ 21.

{¶ 15} Prior to the release of *Kyser*, Ohio appellate courts have held that trial courts did not have subject-matter jurisdiction over cases that involved dispositional decisions from child-services agencies akin to the Disposition Letter M.F. received in the case at hand. The gist of the holdings in these cases is that the child-services agency's decision in each respective case did not determine the "rights, duties, privileges, benefits, or legal relationships" of the plaintiff under R.C. 2506.01, because the plaintiff's claims that the decision would have an adverse effect on them were too speculative.

{¶ 16} In *Ferren v. CCDCFS*, 2009-Ohio-2359, ¶ 18 (8th Dist.), this court determined that a dispositional letter CCDCFS sent to the plaintiff upholding a decision of "indicated" sexual abuse of a child "was not a 'final order' that determined [Ferren's] rights, duties, privileges, benefits, or legal relationships" under R.C. 2506.01. The court further found that the dispositional letter "was not subject to an administrative appeal to the common pleas court" because the court lacked subject-matter jurisdiction over the issue. *Id.* at ¶ 25. The *Ferren* Court found that the plaintiff "has not demonstrated any current or foreseeable harm." *Ferren* at ¶ 16. Rather, the *Ferren* Court determined that the plaintiff "merely provides conclusory statements about alleged harm to his reputation . . . ." *Id.* at ¶ 17.

{¶ 17} In *Geyer v. Clinton Dept. of Job & Family Servs.*, 2021-Ohio-411, ¶ 2, 16 (12th Dist.), the appellate court held that the trial court did not err in dismissing the case for lack of subject-matter jurisdiction under R.C. 2506.01 when the appeal in the common pleas court "was filed in reference to a decision issued by [the agency] upholding a substantiated disposition of abuse . . . ." In arguing against dismissal for lack of subject-matter jurisdiction, Geyer stated that the decision "substantiating allegations of abuse and upholding the substantiated disposition . . . would have an adverse effect on Geyer's employment and his ability to adopt his stepson." *Id.* at ¶ 5. The *Geyer* Court held that the child services agency decision upholding a disposition of substantiated "does not fit into any of [the] categories" under R.C. 2506.01(C) in that it does not determine "'rights, duties, privileges, benefits, or

legal relationships of a person . . . .'" *Id.* at ¶ 13, quoting R.C. 2506.01(C). "This is because, . . . Geyer's claims that [the child services agency's] decision would have an adverse effect on him [are] purely speculative." *Id.* at ¶ 14.

{¶ 18} In *Moore v. Franklin Cty. Children Servs.*, 2007-Ohio-4128, ¶ 5, 22 (10th Dist.), the appellate court found no error in the trial court's dismissal of the case for lack of subject-matter jurisdiction under R.C. 2506.01 when the appeal in common pleas court concerned a letter upholding a finding "in the original disposition of indicated sexual abuse . . . ." In *Moore*, the plaintiff argued that "he has been deprived of a substantial right because his inability to serve as a respite provider is in jeopardy due to his name being placed on [a] registry . . . regarding child abuse and neglect." *Moore* at ¶ 17. The *Moore* Court found that the plaintiff's "concern that he may not be able to provide respite services in the future is merely speculative, rather than direct and consequential." *Id.* at ¶ 21. The *Moore* Court further "recognized that 'listing on a confidential registry is not an injury in itself.'" *Id.*, quoting *Battles v. The Anne Arundel Cty. Bd. of Edn.*, 904 F.Supp. 471, 477 (D.Md. 1995).

### 3. Analysis

{¶ 19} In the case at hand, as a result of M.F.'s substantiated neglect disposition, CCDCFS reported M.F.'s case to the Statewide Automated Child-Welfare Information System ("SACWIS"). *See* R.C. 2151.421(G)(1) ("The public children services agency shall report each case to the uniform [SACWIS] that the department of children and youth shall maintain in accordance with section 5101.03

of the Revised Code."). M.F. states in her appellate brief that "[p]lacement on the SACWIS registry with a substantiated finding of neglect completely prohibits an individual from owning or being employed in a child care center for a period of ten years." M.F. argues in her appellate brief that being on the SACWIS registry adversely affected her in the following way:

> At the time of the substantiated neglect finding, M.F. had been taking courses in pursuit of her dream to operate a childcare facility. Once she was placed on the SACWIS registry, she was forced to abandon pursuit of that dream. Later, in November 2022, M.F. applied for a job at . . . a childcare facility. The owner told M.F. that she was not permitted to hire her because of M.F.'s listing on the SACWIS registry, and M.F. was denied employment on that basis.

{¶ 20} In its judgment entry affirming the CCDCFS decision, the trial court stated that M.F. "was denied employment based upon the substantiated finding" in the case at hand. The trial court further found that M.F.'s circumstances were distinguishable from the circumstances in *Ferren* "because she was taking classes and intending to apply to become a licensed day care worker." Somewhat confusingly, the court also stated, "Arguably, [M.F.] has not yet been deprived of a protected liberty interest."

{¶ 21} In its judgment entry denying CCDCFS's motion to dismiss for lack of subject-matter jurisdiction, the court found as follows:

> This Court finds that the substantiated finding determined [M.F.'s] rights, duties, privileges, benefits, or legal relationships based upon her actual attempts at education and employment in a field she is now legally barred from entering. This is a non-speculative harm. She has no other avenue to appeal this decision.

{¶ 22} Before we determine whether the alleged harm in the case at hand was speculative, we note that argument in an appellate brief is not evidence. Although we may look outside the complaint when reviewing subject-matter jurisdiction issues, appellate review is limited to the trial court record. *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13 (A "bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial."). Ohio courts have held that "'[s]tatements in an appellate brief, or attachments thereto, are not part of the record in determining the appeal.'" *Hanak v. Kraus*, 2022-Ohio-1941, ¶ 8 (8th Dist.), quoting *Welther v. Plageman*, 2021-Ohio-713, ¶ 9 (10th Dist.). Likewise, in an administrative appeal, "the common pleas court is confined in its review to the record of that proceeding" in the agency. *Gibraltar Mausoleum Corp. v. Toledo*, 106 Ohio App.3d 80, 84 (6th Dist. 1995).

{¶ 23} M.F.'s argument regarding the SACWIS registry is not found in the record of the CCDCFS proceedings. Rather, she stated in the CCDCFS hearing that she was appealing the substantiated neglect disposition because it was "untrue." The first time that M.F. raised the argument regarding the SACWIS registry was in her brief in opposition to CCDCFS's motion to dismiss for lack of subject-matter jurisdiction that was filed in the trial court on March 8, 2023. Attached to this brief in opposition is M.F.'s affidavit, which avers the following:

> In late 2017, I learned in [a] class that child welfare involvement and substantiated findings of neglect can prevent a person from owning and operating a day care.

In or around November 2022, I applied for a job at a daycare known as Mommy Monti Cares.

As part of an initial conversation on the application with the owner, I disclosed my and my families' involvement with CCDCFS.

The owner informed me that based on the information I had shared about involvement with CCDCFS, she would not be permitted to hire me at her child care facility.

{¶ 24} Our review of this affidavit shows that M.F. did not allege that she was harmed by her name being placed on the SACWIS registry. In fact, she did not even allege that she was harmed by the Disposition Letter in the case at hand. Rather, M.F. alleged in the trial court that she was harmed by information she disclosed about "my and my families' involvement with CCDCFS." Because this is the only evidence in the trial court record about whether the Disposition Letter "determines rights, duties, privileges, benefits, or legal relationships," we are limited to this evidence in our review. M.F.'s argument on appeal that she was denied employment because of her listing on the SACWIS registry is not supported by any evidence in the record.

{¶ 25} Upon review, we find that under *Kyser*, *Ferren*, *Geyer*, and *Moore*, the trial court lacked subject-matter jurisdiction to hear M.F.'s case. Similar to the facts of *Kyser*, *Ferren*, *Geyer*, and *Moore*, "attempts at education and employment" are speculative in nature. Furthermore, being told that she would "not be permitted to" be hired because of her "involvement with CCDCFS" is too speculative to show that the Disposition Letter in the case at hand determines M.F.'s "rights, duties, privileges, benefits, or legal relationships." In other words, we fail to see how this

case presents facts so different than those of *Kyser*, *Ferren*, *Geyer*, and *Moore* that this court must diverge from those holdings and create new law.

{¶ 26} Accordingly, we find that the Disposition Letter was not a final order under R.C. 2506.01(C), and the trial court lacked subject-matter jurisdiction to hear this appeal. M.F.'s assignments of error are moot under App.R. 12(A)(1)(c). The trial court's November 29, 2023 journal entry affirming the Disposition Letter is void ab initio and, therefore, vacated.

{¶ 27} Judgment vacated and case remanded with instructions to grant CCDCFS's motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR